UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| AMCOR FLEXIBLES INC, | No. C 14-01025 LB |
| Plaintiff, | **ORDER REGARDING AMCOR'S UNILATERAL DISCOVERY DISPUTE LETTER DATED FEBRUARY 17, 2015** |
| v. | |
| FRESH EXPRESS INC, | |
| Defendant. | [Re: ECF Nos. 56, 57] |

## INTRODUCTION

Plaintiff Amcor Flexibles, Inc. ("Amcor") sued Defendant Fresh Express, Inc. ("Fresh Express") for breach of contract and unlawful and unfair business practices. (*See* Complaint, ECF No. 1.[1]) On January 17, 2015, Amcor filed a unilateral discovery dispute letter brief in which Amcor sets forth its argument for compelling Fresh Express to further respond to some of Amcor's requests for production of documents and interrogatories. (*See* 2/17/2015 Letter, ECF No. 56.)

The undersigned's standing order sets forth a process for resolving discovery disputes. That process includes a requirement that the parties meet and confer and file a joint discovery dispute letter. The standing order contemplates that it takes only 15 days from the time one party requests a meet-and-confer meeting to the time the parties' file a joint discovery dispute letter. Amcor says that it has "repeatedly attempted to secure joint participation from Fresh Express but Fresh Express

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

C 14-01025 LB
ORDER

did not provide its input, despite being given additional time in which to do so." (*Id.* at 1.) Amcor does not state when it requested a meet-and-confer meeting, so the court does not know whether this 15-day process was completed. In addition, on February 18, 2015, Fresh Express's counsel filed a letter explaining that he was not able to respond to Amcor's communications due to a family emergency. (*See* 2/18/2015 Letter, ECF No. 57.) He requests that Fresh Express have until at least February 27, 2015 to submit its position on the discovery dispute to Amcor. (*Id.* at 1.)

In light of these circumstances, the court grants Fresh Express's request and denies without prejudice Amcor's unilateral discovery dispute letter. Unless the parties agree otherwise (which they are free to do), or absent further order of the court (which Fresh Express's counsel may request if he needs more time due to the family emergency), Fresh Express must provide Amcor with its position on the discovery dispute by 12:00 p.m. PST on Monday, March 2, 2015. The parties should try to meet and confer by telephone that day or the next. If the dispute remains unresolved, they may file a joint discovery dispute letter on Wednesday, March 2, 2015. The court then will review the letter brief and determine whether formal briefing or future proceedings are necessary. As for Amcor's concerns about the March 17, 2015 fact discovery deadline, the court does not believe that Amcor should worry about it too much. There is enough time to adjust (if necessary) the discovery deadlines without affecting the June 18, 2015 dispositive motions hearing date, the July 2015 pretrial deadlines, and the August 10, 2015 trial date.

**IT IS SO ORDERED.**

Dated: February 19, 2015

_____
LAUREL BEELER
United States Magistrate Judge