UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| AMCOR FLEXIBLES, INC., | No. 3:14-cv-01025-LB |
| Plaintiff, | **ORDER RE DISCOVERY DISPUTES IN LETTER BRIEF AT ECF NO. 83** |
| v. | |
| FRESH EXPRESS, INC. | |
| Defendant. | |

The discovery letter brief at ECF No. 83 is not a joint letter brief. The court addresses the dispute anyway in the interest of time. The issues in the brief are about pricing and film. It was not the court's intent to foreclose discovery about the parties' obligations under their contract, including discovery about the pricing of the film and the parties' obligations about pricing under the Master Agreement. The RFPs about pricing (set forth in the next chart) seem relevant to the parties' obligations under the Master Agreement (even though the court denied Fresh Express's request to add a counterclaim about pricing in violation of the 2006 Agreement's "price warranty"). (*See* 3/2/15 Order, ECF No. 61.) Amcor said that Fresh Express has access to these documents too, but Fresh Express says that it does not (and alludes to its document retention policy). Amcor must produce the documents. Interrogatory 9 may be limited in time as described in the earlier order and above.

No. 3:14-cv-01025-LB
ORDER

| RFP | DOCUMENTS/INFORMATION REQUESTED |
|---|---|
| 40 | Compliance with pricing set forth in 2006 Agreement. necessary to manufacture Film |
| 44 | Communications with other suppliers about sale of Film to Fresh Express |
| 55 | Sale of Film to others from 2006 to 12013 |

Amcor does not need to create documents, and the time period must be tailored to the case. Amcor should consider the guidance about the appropriate time frame in the May 21, 2015 order at ECF No. 78 at page 7. Fresh Express's definition of film seems fine. If it is not, then Amcor must say why it is not and propose a different one that it believes is tailored to the parties' respective obligations under the contract at issue. Amcor apparently is producing documents that are responsive to RFPs 1 and 35 to 38, 52, and 57. The argument here is that Amcor has not responded yet. The court addresses timing below. The letter also refers to RFP 39. The court is not going to search for an RFP that is attached to some earlier brief. If the RFP is about pricing of film, Amcor must respond, and if it falls into the raw materials category, it need not. The court denies discovery about the raw materials. The implicated RFPs seem to be those in this chart, and Amcor need not respond to them or to the related interrogatories (e.g., interrogatory 14).

| RFP | DOCUMENTS/INFORMATION REQUESTED |
|---|---|
| 31 | Complete list of all raw materials necessary to manufacture Film |
| 32 | All invoices for raw materials necessary to manufacture Film from 2012 to 2013 |
| 33 | Inventories of raw materials to manufacture Film on the first of each month from January 1, 2012 to April 1, 2013 |

The court's intent is that Amcor comply with discovery and then the parties will take the depositions. The court will file the deposition chart first thing on Monday. The parties must confer on timing on Monday and update the court in a one-page statement addressing when Amcor will finish its responses and when the depositions will take place.

This order disposes of the discovery letter brief pending at ECF No. 83.

**IT IS SO ORDERED**.

Dated: May 30, 2015

_____
LAUREL BEELER
United States Magistrate Judge